Indian claim; appeal from Indian Claims Commission; expert witness fees. — The Indian Claims Commission, having rendered a judgment in favor of the Pottawatomie Tribe of Indians (Docket No. 15-J), under section 15 of the Indian Claims Commission Act, subsequently held a hearing on the expense claims of the attorneys for the Tribe, including a claim of $766 with which to pay Lucile Bailey Mahieu for her services as an expert witness. Mrs. Mahieu presented her own independent claim for payment of a much larger sum which she claimed was due her. The Indian Claims Commission held that the attorneys for the Tribe were the proper parties to present all claims for allowance expenses incurred and that the Commission did not have jurisdiction to consider the independent claim of Mrs. Mahieu, which claim was denied. On February 10, 1961, the Commission overruled the motion of Lucile Bailey Mahieu for a rehearing in the matter of her independent claim, and from that action she has appealed to the court in the name of the Pottawatomie Tribe of Indians on the ground that the Commission did have jurisdiction under section 15 of the Indian Claims Commission Act to hear testimony in support of her claim for services and expenses rendered under the provisions of her alleged con *699 tract of employment with. Eobert Stone, the original attorney for the Indian claimants and the grandfather of the present attorney, Eobert Stone Johnson, who, she urges, disregarded her arrangements with his grandfather, and arbitrarily set her fee at $500, and her expenses at $266, although his grandfather had written to the Commission asking that it determine the value of Mrs. Mahieu’s services. The United States moved the court to dismiss the appeal of Mrs. Mahieu on the grounds that she was not a party to the action before the Commission; that no contract between her and the Tribe had been approved by the Secretary of the Interior; that her claim, if any, was a private claim for compensation against the attorneys for the Indians and was not properly chargeable against the award in favor of the Indians.
On January 19, 1962, the court, having heard oral argument of counsel, ordered that the appellee’s motion to dismiss Mrs. Mahieu’s appeal be granted and the appeal dismissed on the ground that the court lacked jurisdiction over the appellant’s claim.